UNITED STATES of America,
Appellee,

v.

Calvin WILLIAMS, Defendant-Appellant.

No. 289, Docket 27665.

United States Court of Appeals
Second Circuit.

Argued March 9, 1964.

Decided March 9, 1964.

Daniel H. Brown, Legal Aid Society, New York City, for appellant.

Robert J. McGuire, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and James M. Brachman, Asst. U. S. Atty., on the brief), for appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM:

Appellant seeks to reverse a conviction for possessing goods stolen from interstate commerce, knowing them to be stolen, and for conspiracy related thereto, 18 U.S.C. § 659 and § 371, in the United States District Court for the Southern District of New York, Edward J. Dimock, District Judge. Appellant claims that the evidence on which his arrest and conviction were based was the fruit of an unconstitutional search and seizure. Agents acting on a tip from a reliable informant as to a stolen goods drop, staked out a floor in an office building on which floor two co-defendants of Williams had rented a room. The two, with Williams, who was known to agents as a truckman, came to the floor with a carton and the other two entered the room, leaving the door open. The agents entered, observed from markings on the carton that it had been moving in interstate commerce consigned to J. C. Penney Co. in Mississippi, asked for proof of ownership and receiving a negative response arrested the men in the room (none of whom was the appellant).

Putting to one side the issue raised by the government of Williams' standing to raise the question of illegal search, we find no error in the court's determination that the search, if it be termed such, and arrest of the co-defendants were not illegal. The premises were open to the public, the office door marked with "J & B Jobbers" was open, compare United States v. Rabinowitz, 339 U.S. 56, 64, 70 S.Ct. 430, 94 L.Ed. 653 (1950), the stolen goods identifiable as such by observation of the carton markings within plain sight. Probable cause existing for the arrest, the search of the carton and seizure of the stolen goods was justified. United States v. Rabinowitz, supra,; Ellison v. United States, 93 U.S.App. D.C. 1, 206 F.2d 476 (1953).

The court commends the diligent and thorough presentation of appellant's case by Daniel H. Brown, appointed counsel.